■ BERNARD WINKLER et al., Respondents, v ALLVEND IN-DUSTRIES, INC., et al., Defendants, and EDWARD WEISS, Appellant.—In a post-judgment enforcement proceeding, the defendant Edward Weiss appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated December 18, 1991, as denied his motion to change venue to Queens County and granted that branch of the plaintiffs' motion which was to compel the defendant to turn over to the Sheriff his shares of Coffee Cupboard, Inc.

Ordered that the order is modified, by deleting the provision thereof which granted that branch of the plaintiffs' motion which was to compel the appellant to deliver to the Sheriff his shares of Coffee Cupboard, Inc.; as so modified, the order is affirmed insofar as appealed from, without costs or disburse-

ments, and the matter is remitted to the Supreme Court, Nassau County, for an evidentiary hearing to determine whether the transfer of the shares of stock of Coffee Cupboard, Inc., from Edward Weiss to the Weiss Trust was actually completed in August 1988.

The plaintiffs obtained and entered a judgment against the appellant Edward Weiss and others on May 1, 1991. The plaintiffs moved pursuant to CPLR 5225 (a) to compel Edward Weiss to turn over to the Sheriff of Queens County all of his shares of stock in Coffee Cupboard, Inc., to satisfy the plaintiffs' judgment. The plaintiffs alleged that Edward Weiss's ownership of this stock was established in an unrelated action entitled *Strianese v Weiss* (Sup Ct, Nassau County, index No. 10460/86). In that case, the Supreme Court (Lockman, J.), in an order dated September 27, 1989, held that the doctrine of estoppel against inconsistent positions precluded the appellant Weiss from arguing that he did not own the Coffee Cupboard, Inc., stock, since, in a prior bankruptcy proceeding for that company, Edward Weiss submitted a corporate resolution which stated that he was the sole shareholder of Coffee Cupboard, Inc. The appellant Weiss appealed from that order but withdrew his perfected appeal when the parties settled the action out of court.

In opposition to the plaintiffs' motion at bar, the appellant Weiss alleged that when he received the Coffee Cupboard, Inc., stock in August 1988 he immediately transferred the stock to his son in the son's capacity as the trustee of the "Weiss Trust". The appellant conceded that in April 1989 he presented a document to the United States Bankruptcy Court which stated that he was the sole shareholder of Coffee Cupboard, Inc. However, in February 1990, in the same bankruptcy proceeding, the appellant Weiss stated under oath that he never owned the stock of Coffee Cupboard, Inc., but that it belonged to the "Weiss Trust". In response to the appellant's allegations, the plaintiffs noted that the court in the *Strianese* case stated: "It now appears that the Weiss trust had been revoked months before either letter purporting to transfer stock to that trust".

Under these circumstances, there is a factual issue as to whether the appellant Weiss is a shareholder of Coffee Cupboard, Inc., and therefore, whether the property in question is in possession of the judgment debtor as required under CPLR 5225 (a). Accordingly, this matter is remitted to the Supreme Court, Nassau County, for an evidentiary hearing and review of the "Weiss Trust" documents to determine whether the

transfer of the stock of Coffee Cupboard, Inc., from the appellant Weiss to the trust was completed as alleged. We note that the court properly denied the appellant's motion to change venue to Queens County since the Supreme Court, Nassau County, was the court that rendered the judgment in this action, and thus retained jurisdiction over the judgment debtor Edward Weiss pursuant to CPLR 5225 (a) *(see,* 6 Weinstein-Korn-Miller, NY Civ Prac ¶ 5225.08, at 52-407). O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.